IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE MARSHALL-MCCLURE, : | | CIVIL ACTION -LAW |
| Plaintiff : | | |
| : | | |
| : | | |
| v. : | | No. 2:23-cv 00477 |
| : | | |
| WALMART, INC.; WAL-MART REAL : | | |
| ESTATE BUSINESS TRUST; : | | |
| WAL-MART STORES EAST, LP; : | | |
| WAL-MART STORES EAST, INC.; : | | |
| DLC MANAGEMENT CORP; : | | |
| DLC MANAGEMENT GROUP, INC.; : | | |
| GREGORY GERTH; : | | |
| ABC CORPORATION(S) 1-10; and : | | |
| JOHN/JANE DOE(S) 1-13, : | | JURY TRIAL DEMANDED |
| Defendants : | | |

## DEFENDANT DLC MANAGENT CORP.'S ANSWER, AFFIRMATIVE DEFENSES CROSS-CLAIMS AND JURY DEMAND

Answering Defendant, DLC Management Corp. (hereinafter, "Answering Defendant"), by and through its attorneys, Staff Counsel Office of the Cincinnati Insurance Company, hereby responds to Plaintiff's Complaint as follows:

1.      Denied. Answering Defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

2.      Denied.  The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required.  To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

2.**[sic]** Denied.  The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required.  To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

3. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required.  To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

4. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required.  To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

5. Admit in part.  Admit that DLC Management Corp. is a duly organized New York corporation with offices at 565 Taxter Road, Elmsford, New York which conducts business within the Commonwealth of Pennsylvania.  The remainder of the averments are denied as stated.  Upon information and belief, ice and snow treatment and removal services at Levittown Town Center in Levittown, Pennsylvania were performed by BrightView Landscapes, LLC.

6. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required.  To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient

knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

7. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

8. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material. Upon information and belief, ice and snow treatment and removal services at Levittown Town Center in Levittown, Pennsylvania were performed by BrightView Landscapes, LLC.

9. a) The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

b) The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently

lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

10. Denied as a conclusion of law to which no responsive pleading is required. To the extent that the allegations are not deemed conclusions of law, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

11. Denied as a conclusion of law to which no responsive pleading is required. To the extent that the allegations are not deemed conclusions of law, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

12. Denied as a conclusion of law to which no responsive pleading is required. To the extent that the allegations are not deemed conclusions of law, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

13. Denied. It is specifically denied that a dangerous, unsafe, slippery and/or defective condition existed. The remaining averments are denied as a conclusion of law to which no responsive pleading is required. By way of further response, Answering Defendant is without knowledge of where, specifically, Plaintiff alleges she fell. To the extent that the allegations are not deemed conclusions of law, denied. Strict proof thereof is demanded at trial, if material.

14. Denied. It is specifically denied that Answering Defendant was negligent, or that a dangerous, unsafe, slippery and/or defective condition existed for a period of time sufficient for Answering Defendant to have known, or should have known, of it, given warnings of it, and/or cured or corrected it. The remaining averments are denied as a conclusion of law to which no

responsive pleading is required. By way of further response, Answering Defendant is without knowledge of where, specifically, Plaintiff alleges she fell. To the extent that the allegations are not deemed conclusions of law, denied. Strict proof thereof is demanded at trial, if material.

15. Denied. It is specifically denied that a dangerous, unsafe, slippery and/or defective condition existed for a sufficient period that Answering Defendant knew or should have known of it, or failed to maintain, supervise, inspect, operate, possess and/or control any premises, or failed to correct, or warn about any dangerous unsafe and/or defective condition. The remaining averments are denied as a conclusion of law to which no responsive pleading is required. To the extent that the allegations are not deemed conclusions of law, denied. By way of further response, Answering Defendant is without knowledge of where, specifically, Plaintiff alleges she fell. Strict proof thereof is demanded at trial, if material.

16. Denied. It is specifically denied that a dangerous and/or unsafe condition existed or that Answering Defendant was negligent. The remaining averments are denied as a conclusion of law to which no responsive pleading is required. To the extent that the allegations are not deemed conclusions of law, denied. By way of further response, Answering Defendant is without knowledge of where, specifically, Plaintiff alleges she fell. Strict proof thereof is demanded at trial, if material.

17. Denied. It is specifically denied that Answering Defendant was negligent. The remaining averments are denied as a conclusion of law to which no responsive pleading is required. To the extent that the allegations are not deemed conclusions of law, denied. By way of further response, Answering Defendant is without knowledge of where, specifically, Plaintiff alleges she fell. Strict proof thereof is demanded at trial, if material.

18. Denied. It is specifically denied that a dangerous, unsafe or defective condition existed or that Answering Defendant was negligent. The remaining averments are denied as a conclusion of law to which no responsive pleading is required. To the extent that the allegations are not deemed conclusions of law, denied. By way of further response, Answering Defendant is without knowledge of where, specifically, Plaintiff alleges she fell. Strict proof thereof is demanded at trial, if material.

19. Denied. It is specifically denied that a dangerous and/or unsafe condition existed or that Answering Defendant created such condition or knew, or should have known of, such condition. The remaining averments are denied as a conclusion of law to which no responsive pleading is required. To the extent that the allegations are not deemed conclusions of law, denied. By way of further response, Answering Defendant is without knowledge of where, specifically, Plaintiff alleges she fell. Strict proof thereof is demanded at trial, if material.

20. Denied. It is specifically denied that Answering Defendant was negligent. The remaining averments are denied as a conclusion of law to which no responsive pleading is required. To the extent that the allegations are not deemed conclusions of law, denied; after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny the remaining averments. Strict proof thereof is demanded at trial, if material.

<u>COUNT I- CLAUDETTE MARSHALL-MCCLURE V. ALL DEFENDANTS</u>

21. Answering Defendant hereby incorporates by references the responses contained in the foregoing paragraphs as if fully set forth at length herein.

22. Denied. It is specifically denied that Answering Defendant was negligent. The remaining averments are denied as a conclusion of law to which no responsive pleading is

required. To the extent that the allegations are not deemed conclusions of law, denied; after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny the remaining averments. Strict proof thereof is demanded at trial, if material.

23. Denied as a conclusion of law to which no responsive pleading is required. To the extent that the allegations are not deemed conclusions of law, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

24. Denied. It is specifically denied that Answering Defendant was negligent or that a dangerous/unsafe/ icy/slippery/snowy condition existed. The remaining averments are denied as a conclusion of law to which no responsive pleading is required. To the extent that the allegations are not deemed conclusions of law, denied. Strict proof thereof is demanded at trial, if material.

25. Denied. It is specifically denied that Answering Defendant was negligent. As to the remaining averments, denied; after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny the remaining averments. Strict proof thereof is demanded at trial, if material.

WHEREFORE, Answering Defendant demands that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Answering Defendant and for such other and further relief as the Court deems just and proper.

## COUNT II- CLAUDETTE MARSHALL-MCCLURE V. GREGORY GERTH

26. Answering Defendant hereby incorporates by references the responses contained in the foregoing paragraphs as if fully set forth at length herein.

27. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

28. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

29. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

WHEREFORE, Answering Defendant demands that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Answering Defendant and for such other and further relief as the Court deems just and proper.

## COUNT III- CLAUDETTE MARSHALL-MCCLURE V. GREGORY GERTH

30. Answering Defendant hereby incorporates by references the responses contained in the foregoing paragraphs as if fully set forth at length herein.

31. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed

required, denied as a conclusion of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material.

32. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

33. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

34. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

35. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

36. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

37. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

38. The allegations of this paragraph are directed to a party other than the Answering Defendant and therefore no response is required. To the extent a responsive pleading is deemed required, after reasonable investigation, Answering Defendant presently lacks sufficient knowledge and/or information to admit or deny this averment. Strict proof thereof is demanded at trial, if material.

WHEREFORE, Answering Defendant demands that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Answering Defendant and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused in whole or in part by individuals and/or entities which the Answering Defendant had no control over, and/or right to control.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred and/or limited by her own comparative negligence and/or conduct, which negligence exceeded any negligence of the Answering Defendant, all negligence of the Answering Defendant being expressly denied and, therefore, pursuant to the Pennsylvania Comparative Negligence Act, Plaintiff's claims are barred.

### FIFTH AFFIRMATIVE DEFENSE

Answering defendant believes and, therefore, avers that if Plaintiff sustained the injuries and damages as alleged in Plaintiffs Complaint, said injuries and/or damages were not the result of any act or failure to act on the part of the Answering Defendant, all such allegations being expressly denied by the answering defendant and Plaintiff's action is, therefore, barred.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred and/or limited by the Doctrine of Assumption of Risk.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were not caused by the conduct alleged in the Plaintiff's Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant had no actual or constructive notice of the alleged condition as set forth in the Plaintiff's Complaint.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendant owed no duty to the Plaintiff, nor did Answering Defendant stand within a special relationship with Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff was a trespasser at the time of the incident.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant is not the insurer for the safety of the Plaintiff.

### TWELVTH AFFIRMATIVE DEFENSE

Pursuant to F.R.C.P. 8 and Pa. R.C.P. 1030, answering defendant hereby pleads the defenses listed in F.R.C.P. 8(c)(1) and Pa.R.C.P. 1030(a) as affirmative defenses and incorporate them as if stated more fully herein including, but not limited to, the affirmative defenses of assumption of the risk; contributory/comparative negligence; fraud; payment release; res judicata; statute of limitations and immunity from suit.

WHEREFORE, Defendant DLC Management Corp. demands judgment in its favor and against the Plaintiff, along with costs of said action.

### CROSS-CLAIM

### DEFENDANT DLC MANAGEMENT CORP. V. DEFENDANTS WALMART, INC., WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MART STORES EAST L.P., WAL-MART STORES EAST INC. AND GREGORY GERTH, JOHN DOES 1-16

### COUNT I - INDEMNIFICATION

1. For the purposes of this crossclaim only, Defendant DLC Management Corp. incorporates by reference, but does not adopt, the allegations set forth in Plaintiff's Complaint, as though the same were set forth at length herein.

2. Pursuant to F.R.C.P. 13(g), if the averments of Plaintiff's Complaint are established at trial, all liability the part of Defendant DLC Management Corp. being denied, it is averred that Plaintiff's alleged injuries were caused solely by the carelessness and negligence of all other Defendants. In the alternative, if liability is imposed upon Defendant DLC

Management Corp., it is averred that Co-Defendants are liable over to Defendant DLC Management Corp. on the causes of action declared upon by Plaintiff, or jointly or severally liable thereon, or liable over to Defendant DLC Management Corp. on the causes of action.

3. If the Plaintiff is able to recover damages based upon the allegations stated within her Complaint, even though Answering Defendant denies each and every allegation stated within Plaintiff's Complaint, then Answering Defendant is entitled to be indemnified by Co-Defendants.

4. If Plaintiff's allegations are proven to be true, even though Answering Defendant denies each and every said allegation, then Answering Defendant is entitled to all attorneys' fees and costs, as well as indemnification for any and all damages incurred by the Answering Defendant as a result of the Plaintiff's lawsuit.

WHEREFORE, Defendant DLC Management Corp. demands judgment in its favor and against the Plaintiff and Co-Defendants, along with costs of said action.

## **COUNT II – CONTRIBUTION**

5. Answering Defendant incorporates by reference the allegations stated within Count I of said Cross-claim as though fully set forth at length herein.

6. While denying any liability for damages and injuries to Plaintiff, if Answering Defendant should be adjudged liable to the Plaintiff, said Answering Defendant demands contribution from any and all co-Defendants, jointly, severally, or in the alternative, and therefore, said Answering Defendant demands contribution pursuant to the Pennsylvania Comparative Negligence Statute, see, 42 Pa. C. S. A. §7102 *et seq*.

## JURY DEMAND

Defendant DLC Management Corp hereby demands a jury trial on all the issues raised in this action.

Respectfully submitted,

By:    /s/ Kevin B. Golden
        Attorneys for Defendant
        DLC Management Corp.

Date: February 20, 2023

By:    /s/ Adrienne Chapman
        Attorneys for Defendant
        DLC Management Corp.

## **CERTIFICATE OF SERVICE**

I, ADRIENNE CHAPMAN, ESQUIRE, hereby certify that on February 20, 2023, a true and correct copy of the foregoing was filed on the Court's ECF system and that the system will automatically generate and send a Notice of Electronic Filing to all users associated with the case, which constitutes service.

                                              Respectfully submitted,

                                  By:    */s/ Adrienne Chapman*
                                          Attorney for Defendant DLC Management Corp.