IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLAUDETTE MARSHALL-McCLURE   :
                             :
            vs.              :   Docket No.: 23-CV-00477
                             :
WALMART INC. et al.          :

O R D E R

AND NOW, this _____ day of _____, 2023, upon consideration of Plaintiff's Motion for Leave to File an Amended Complaint, and any answer thereto, it is hereby ORDERED that the Motion is GRANTED.

Plaintiff may file an Amended Complaint within 20 days of this Order.

BY THE COURT:

_____
Honorable Paul S. Diamond

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE MARSHALL-McCLURE | : | |
| | : | |
| vs. | : | Docket No.: 23-CV-00477 |
| | : | |
| WALMART INC. et al. | : | |

<u>PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT</u>

Plaintiff hereby moves this Court for an Order granting leave to file an Amended Complaint to substitute City Facilities Management for ABC Corporation #1 pursuant to Federal Rule of Civil Procedure 15. Plaintiff relies on the accompany Memorandum of Law to support this motion and requests that this Court enter the proposed Order.

WHEREFORE, it is respectfully requested that this Court grant the foregoing Motion.

**MASTER WEINSTEIN MOYER, P.C.**

/s/ Vincent F. Presto

By: _____

VINCENT F. PRESTO, ESQUIRE
1515 Market Street, Suite 1200
Suite 1200
Philadelphia, PA 19102
(215) 561-2800
vpresto@panjlawyers.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDETTE MARSHALL-McCLURE | : | |
| | : | |
| vs. | : | Docket No.: 23-CV-00477 |
| | : | |
| WALMART INC. et al. | : | |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

I.   PROCEDURAL HISTORY

This is a personal injury premises liability matter filed in the Court of Common Pleas in Philadelphia County on January 19, 2023. The defendants named to the action are Walmart Inc., Walmart Real Estate Business Trust, L.P., Walmart Stores East L.P. ("Walmart defendants"), Gregory Gerth, DLC Management Corp., and DLC Management Group ("DLC defendants"). The Walmart defendants and Mr. Gerth collectively filed a Notice of Removal on February 7, 2023. Also on February 7, 2023, the Walmart defendants and defendant Gerth filed an Answer to plaintiff's complaint. In their answer, the Walmart Defendants and Gerth identified for the first time an entity named City Facilities Management as the company who was contracted to remove ice and snow on the date the incident is alleged to have occurred. Based upon this new information, plaintiff now seeks to amend her complaint to add City Facilities Management as a party defendant in place of ABC Corporation #1.

II.     ARGUMENT

     A.     <u>Amendment is to be Liberally Granted.</u>

Federal Rule of Civil Procedure 15 governs amendment of a complaint.  Ordinarily, leave to permit amendment of a complaint should be freely given absent circumstances indicating undue delay, bad faith, or dilatory motive.  *See* <u>Martin vs. City of Reading et al.</u>, 12-cv-03665 (E.D. Pa. January 29, 2015, Gardner, J.) *citing,* <u>Jablonski vs. Pan Am World Airways Inc.,</u> 863 F.2d 289 (3d Cir. 1988).  Here, there are no ulterior motives for the requested amendment.  It is been disclosed only recently and for the first time in the Answer filed by the Walmart defendants and Gerth that an entity named City Facilities Management was, or might have been, the snow/ice removal contractor at the time of the incident.  Plaintiff has moved swiftly and without the desire to delay or impede the orderly and efficient course of this present litigation.  Indeed, the present motion is filed within 20 days of the disclosure.

     B.     <u>The Claim Against City Facilities Management Relates Back to the Original January 19, 2023 Filing Date of Plaintiff's Complaint</u>

There is likewise no reason to deny the requested amendment based upon statute of limitations.

Federal Rule of Civil Procedure 15(c)(1) provides: "*When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when: (A) The law the provides the applicable statute of limitations allows relation back…… <u>or</u>; (C) the amendment changes the party or the naming of the party against whom the claim is asserted, if Rule 15(c)(1)(B) is satisfied, and if, within the time provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits, and; (ii) knew of should have know that the action would have been brought against it but for a mistake in the proper party's identity.

The Rule 15 framework applies to requests for amendment to substitute the actual party for an unknown John Doe or ABC Corporation. *Id.*

In the present matter, both 15(c)(1)(A) and 15(c)(1)(C) are satisfied.

1. State Law

The law that provides the applicable statute of limitations, i.e., Pennsylvania law, allows the amendment to "relate back". There are two provisions of Pennsylvania law that are relevant to this point, Pennsylvania Rule of Civil Procedure 1033 (codified at 231 Pa. Code §1033) and Pennsylvania Rule of Civil Procedure 2005 (codified at 231 Pa. Code §2005).

(i) Rule 2005

Rule 2005 provides that a complaint filed in an action may contain the name of a fictitious person or entity such as John or Jane Doe or ABC Corporation when the name of the actual defendant is unknown after a reasonable investigation was conducted. The rule requires that unknown defendant to be pled with sufficient particularity for identification.

In the present matter, plaintiff's complaint includes fictitious parties and provides sufficient particularity for its/their identification. For instance, in ¶ 8 of plaintiff's compliant, it states:

> 8. At all times relevant to this action, and in the alternative, Defendant(s) JOHN/JANE(S) 1 through 10 and/or ABC CORPORATION(S) 1 through 10 are unknown or anonymous person(s) and/or entit(ies) who: (a) owned, operated, managed, possessed, maintained, supervised and/or controlled the premises and location described in ¶ 12 including but not limited to the treatment and removal of snow and ice to the exterior walking surfaces of the premises; (b) are vicariously liable for the conduct, acts, errors, and/or omissions of the person(s) or entit(ies) described in ¶ 8(a), who acted within the course and scope of his, her, their actual apparent or ostensible authority; and/or (c) are the agents, employees, work persons, servants, officers, or representatives of the person(s) or entit(ies) described in ¶ 8(a), these designation(s) being made after the undersigned counsel's firm conducted a reasonable investigation and search for the actual identity of such person(s) and/or entit(ies).

*See* Plaintiff's Complaint at ¶ 8. This paragraph satisfies the elements required to be included in a complaint for substitution to be allowed under Rule 2005. Specifically, the paragraph pleads

the entity with sufficient particularity for identification, sets for that the actual name of this defendant is unknown, and also pleads that a reasonable pre-suit investigation took place.

The only other requirement of Rule 2005 is found in sub-part (c). There, the rule places a time limit on when a party can seek substitution of a fictitious party. The rule requires that a motion be made within 20 days of learning the actual identity of the party. This requirement is likewise satisfied. The Walmart defendants and Gerth identified City Facilities Management for the first time in their Answer filed on February 7, 2023. This motion is being filed within 20 days of that disclosure.

      (ii)    Rule 1033

Pennsylvania Rule of Civil Procedure 1033(c) allows an amendment that occurs under Rule 2005 to "relate back" if the substituted party receives or received notice of the lawsuit within the time-period for service under the Pennsylvania Rules. It provides:

> **(c)**An amendment substituting the actual name of a defendant for a Doe designation as provided in Rule 2005 relates back to the date of the commencement of the action if, within the time provided by Rule 401 for service, the defendant named by the amendment has received actual or constructive notice of the commencement of the action such that it will not be prejudiced in maintaining a defense on the merits and the defendant knew or should have known that the action would have been brought against it but for lack of knowledge of the defendant's actual name.

Pa.R.C.P. 1033(c). Rule 401 incorporates Rule 404 pertaining to service of process outside of the Commonwealth, and that rule allows a party to effectuate service on a defendant outside of the Commonwealth within 90 days. The substituted party, City Facilities Management, provides two contact locations, Burlington, Massachusetts, and Jacksonville, Florida. (as retrieved at https://www.cityfm.us/contact-us/) Thus, service against City Facilities Management would have to be made within the 90-day time period allowed for service of process on out-of-state defendants. The complaint was filed on January 19, 2023. Since City Facilities Management is

being served a copy of the instant Motion (as well as a copy of the original complaint), it has received actual notice of the lawsuit well within the permissible time period under Rule 1033.

As the foregoing demonstrates, "relation back" is allowed under Pennsylvania law. Accordingly, plaintiff's request for leave to file an amended complaint should be granted.

2. Rule 15(c)(1(C)

The amendment would likewise "relate back" under the framework set forth under Rule 15(c)(1)(C) as well. The main requirement of Rule 15's "relation back" is similar to the Pennsylvania rule. Under Rule 15, it must be shown that the defendant sought to be joined had either actual or constructive notice of the lawsuit within the 90-day window for service of the summons and complaint set forth under Rule 4(m). Again, since City Facilities Management is being served a copy of this Motion (as well as the original complaint), there is no issue that the defendant received timely notice.

III. CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Court enter an Order granting leave to file an Amended Complaint to substitute City Facilities Management for ABC Corporation #1. An affidavit (declaration) pursuant to Rule 2005(c) is attached.

WHEREFORE, it is respectfully requested that this Court grant the foregoing Motion.

**MASTER WEINSTEIN MOYER, P.C.**

By:  /s/ Vincent F. Presto
_____
VINCENT F. PRESTO, ESQUIRE
1515 Market Street, Suite 1200
Suite 1200
Philadelphia, PA 19102
(215) 561-2800
vpresto@panjlawyers.com

Attorneys for Plaintiff

<u>DECLARATION OF VINCENT F. PRESTO</u>

I, Vincent F. Presto, under the penalty of perjury, hereby state I undertook the following efforts to identify proper parties to the lawsuit.

In or around July of 2022, I requested an investigator visit the site of the Walmart in Levittown Centre to look for any signs that may reveal managers or vendors. It was through this effort that DLC was identified.

In or around the beginning of November 2022, I conducted internet research and searches to find any possible affiliations of Walmart Inc. in reference to this and other properties located in the Philadelphia region and it was through this that I discovered the entity Walmart Stores East as involved in the operation or ownership of several of the Philadelphia area stores.

I also conferred with another associate at the firm who had personal conversations with the adjuster representing Walmart pre-suit to determine whether Walmart had ever attempted to claim that a snow contractor was responsible for the area and not Walmart and was told that Walmart had not raised that issue.

The location of the incident is the sidewalk immediately at the front entrance to the store, and the first mention that a snow contractor may be responsible for the area and identification of that contractor was in defendant's Answer.

/s/ Vincent F. Presto

_____
VINCENT F. PRESTO, ESQUIRE

## CERTIFICATE OF SERVICE

I, Vincent F. Presto, Esquire, hereby certify that I served a true and correct copy of the foregoing Motion for Leave to File an Amended Complaint upon all counsel of records via electronic filing and upon City Facilities Management via regular U.S. Mail (along with a copy of the original complaint) on the date listed below:

/s/ Vincent F. Presto

_____
VINCENT F. PRESTO, ESQUIRE

Dated:  ___2/27/23_____